IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

RYAN MEANY

        Plaintiffs,

vs.

ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICES, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD

        Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Ryan Meany, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Ryan Meany, is a natural person and citizen of the State of Colorado, with a current address of 1344 Diamond Rim Drive, Colorado Springs, Colorado 80921.

2. Defendant, Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem"), is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale, processing and adjustment of health insurance claims. The Defendant's registered agent for service of process is C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant Aetna insured, administered, and/or was otherwise responsible for the administration of the employee benefit plan which provides health insurance benefits to employees of Newmont USA Limited ("Newmont"), hereinafter "the Plan." The Plan is referred to as "Health Savings Plan-28MT," and is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.* ("ERISA"). Upon information and belief, the Plan has delegated to Defendant Anthem its obligation to make all benefit decisions at issue in this claim, including regarding eligibility for health insurance benefits. Upon further information and belief, Defendant Anthem also insures the Plan.

4. At all pertinent times, Plaintiff was an active and full-time employee of Newmont and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5. Thus, and at all pertinent times, and by virtue of said employment and status, Plaintiff was covered by the provisions of the Plan, including eligibility for health insurance benefits subject to the terms and conditions of the Plan.

## JURISDICTION AND VENUE

6. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including their rights under ERISA and the subject ERISA Plan/policy.

7. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conduct business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8. At all pertinent times, Plaintiff was employed by Newmont, and was an active and full-time employee.

9. As an active and full-time employee, Plaintiff was eligible to, and did, participate in Defendant Newmont's employee benefit plan (including health insurance benefits).

10. The Plan provides medical benefits to its members and their beneficiaries, including coverage for inpatient rehabilitation services for mental health and/or substance abuse issues.

11. In or around August, 2019, Plaintiff was diagnosed with various disorders related to substance abuse requiring extensive treatment and care.

12. At all pertinent times, and beginning on August 5, 2019, Plaintiff was treated at The Recovery Village for inpatient care due to his conditions.

13. Plaintiffs timely requested approval and payment for said treatment from Defendant, and attempted to work with Defendant throughout 2019 and thereafter.

14. Defendant belatedly responded on or about October 31, 2021, stating that the care at The Recovery Village was medically necessary, and would be paid on receipt of proof that Plaintiff was enrolled in the Plan between August 5th and August 23, 2019.

15. Despite these representations, Defendant thereafter denied Plaintiff's claim, and has maintained that denial since, alleging it is not a covered service.

16. Despite its prior correspondence, Defendant alleges *inter alia* that inpatient care was not medically necessary under the Plan.

17. Thereafter, including on November 11, 2021, Plaintiff appealed through counsel, and submitted additional proof of medical necessity, and/or other information that the treatment is covered by the Plan.

18. Over the next year, Defendant refused to process Plaintiff's appeal requesting multiple and duplicate forms not required by the Plan (a designation of representative on a specific internal form).

19. On or about June 2, 2022, Plaintiff provided these additional documents for (at least) the second time.

20. On or about June 22, 2022, Defendant requested the same forms again, and again refused to process Plaintiff's appeal.

21. As of this date, Defendant has not rendered a decision nor requested an extension of time to do so.

22. Defendant's decision on the appeal is therefore overdue and deemed denied, and Plaintiff has exhausted all appeals required by the Plan.

23. At this time, Plaintiff's medical expenses, which were reasonable, necessary and covered by the Plan, have not been paid.

## CLAIM FOR RELIEF:
## VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS
## PLAINTIFF V. DEFENDANT

24. At all pertinent times, Plaintiffs were covered by the Plan, which included coverage for medical benefits, as set forth above.

25. At all pertinent times, Newmont was the sponsor of the Plan, a claim fiduciary, and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA, and has delegated its decision-making responsibility to Defendant.

26. Defendant Anthem was otherwise delegated the authority to administer claims for disability benefits by the Plan, and/or is a claim administrator within the meaning of ERISA.

27. At all pertinent times, Plaintiff met the criteria for health benefits under the plan including that Plaintiff required inpatient care, and provided reasonable documentation (medical and otherwise) of that fact.

28. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiffs benefits due and owing under the Plan.

29. Defendant's wrongful conduct includes, but is not limited to:

   A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers and its own qualified consultant physician.

   B. Failing to provide an adequate review and appeal;

   C. Failing to act in Plaintiff's best interest;

   D. Failing to consider credible evidence of medical necessity;

   E. Failing to consider Plaintiff's prior medical history;

   F. Failing to reasonably interpret and apply the terms of the Plan;

   G. Failing to conduct a reasonable investigation;

   H. Relying on medical guidelines and/or other documents that were not properly disclosed to Plan members; and

   I. Failing to timely resolve Plaintiff's appeal and/or otherwise comply with ERISA.

30. Defendant' wrongful conduct has caused injuries and damages to the Plaintiffs, including expenses for necessary and appropriate treatment.

## DAMAGES

31. The Defendant' above-alleged wrongful conduct caused injuries and damages to the Plaintiffs, including but not limited to: Past and future economic damages, including but not limited to loss of health insurance benefits and related expenses. Plaintiffs have also incurred attorney's fees and costs as a result of Defendant' conduct.

WHEREFORE, the Plaintiffs request judgment and damages against Defendant and/or the Plan as follows:

   A. A declaratory judgment that Defendant have violated Plaintiffs' rights under ERISA;

   B. Retroactive reinstatement of health insurance benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b).

   C. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law.

   D. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1).

   E. Such other and further relief as this Court deems just and appropriate; and

   F. Any and all penalties authorized by ERISA, including but not limited to for Defendant' failure to produce documents required by law.

Respectfully submitted this 29th day of August, 2022.

                                  SILVERN & BULGER, P.C.

                                  *s/Thomas A. Bulger, Esq.*
                                  Thomas A. Bulger, Esq.
                                  Counsel for Plaintiff
                                  363 South Harlan Street, Suite 205
                                  Lakewood, Colorado 80226
                                  (303) 292-0044
                                  Facsimile: (303) 292-1466
                                  *counsel@silvernbulger.com*

**Plaintiffs' address**:
1344 Diamond Rim Drive
Colorado Springs, Colorado 80921