IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02215-CNS

RYAN MEANY

Plaintiff,

v.

ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD

Defendant.

## DEFENDANT ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Rocky Mountain Hospital and Medical Service, Inc. dba Anthem Blue Cross and Blue Shield ("Rocky Mountain") submits its Answer and Affirmative Defenses to the Complaint (the "Complaint") filed by Plaintiff Ryan Meany as follows:

**PARTIES**

1. Plaintiff, Ryan Meany, is a natural person and citizen of the State of Colorado, with a current address of 1344 Diamond Rim Drive, Colorado Springs, Colorado 80921.

**ANSWER**: Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1. To the extent a response is required, Rocky Mountain denies the allegations in Paragraph 1.

2. Defendant, Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem"), is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale,

processing and adjustment of health insurance claims. The Defendant's registered agent for service of process is C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

**ANSWER**:  Rocky Mountain denies that it advertises or sells health insurance claims, but admits the remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant Aetna insured, administered, and/or was otherwise responsible for the administration of the employee benefit plan which provides health insurance benefits to employees of Newmont USA Limited ("Newmont"), hereinafter "the Plan." The Plan is referred to as "Health Savings Plan-28MT," and is subject to the previsions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.* ("ERISA"). Upon information and belief, the Plan has delegated to Defendant Anthem its obligation to make all benefit decisions at issue in this claim, including regarding eligibility for health insurance benefits. Upon further information and belief, Defendant Anthem also insures the Plan.

**ANSWER**: Rocky Mountain denies that, at all pertinent times, Defendant Aetna insured, administered, and/or was otherwise responsible for the administration of the Plan as defined in Paragraph 3. Rocky Mountain admits that the Plan referenced in Paragraph 3 is an employee benefit plan that provides health benefits to employees of Newmont (the "Newmont Plan"). Rocky Mountain denies the Newmont Plan is referred to as "Health Savings  Plan-28MT," but admits the remaining allegations in the second sentence in Paragraph 3. With respect to the allegations in the third sentence in Paragraph 3, Rocky Mountain states that it is the claims administrator for the Newmont Plan's medical benefit plan and that Newmont delegated Rocky Mountain the authority

to make the coverage determination for benefits at issue in this case. Rocky Mountain denies that Newmont delegated it authority to determine eligibility of individuals for participation in the Newmont Plan's medical benefit plan and further denies the remaining allegations in Paragraph 3.

4. At all pertinent times, Plaintiff was an active and full-time employee of Newmont and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

**ANSWER**: Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that, at all pertinent times, Plaintiff was an active and full-time employee of Newmont. To the extent a response is required, Rocky Mountain denies that allegation. Rocky Mountain admits the remaining allegations in Paragraph 4.

5. Thus, and at all pertinent times, and by virtue of said employment and status, Plaintiff was covered by the provisions of the Plan, including eligibility for health insurance benefits subject to the terms and conditions of the Plan.

**ANSWER**: Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's employment and status, or whether he was covered under all provisions of the Newmont Plan. To the extent a response is required, Rocky Mountain denies those allegations. Rocky Mountain further denies that Plaintiff had "health insurance benefits" under the Newmont Plan, as the Newmont Plan is self-funded and not an insurance policy. Rocky Mountain admits the remaining allegations in Paragraph 5.

**JURISDICTION AND VENUE**

6. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including their rights under ERISA and the subject ERISA Plan/policy.

**ANSWER**: In response to Paragraph 6, Rocky Mountain admits that 28 U.S.C. § 1331 provides for jurisdiction over ERISA actions and that Plaintiff has instituted this matter pursuant to 28 U.S.C. § 1331 to address alleged violations of Plaintiff's rights protected by federal law, including rights under ERISA and an ERISA Plan/policy, but Rocky Mountain denies that Plaintiff has brought valid claims that fall under 28 U.S.C. § 1331 or ERISA.

7. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conduct business and wherein (at least part) of the wrongful conduct alleged herein occurred.

**ANSWER**: Rocky Mountain does not contest venue in this Court. Rocky Mountain admits that it regularly conducts business in Colorado. Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation concerning where Plaintiff resides. To the extent a response is required, Rocky Mountain denies that allegation. The remaining allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Rocky Mountain denies those remaining allegations.

## STATEMENT OF THE FACTS

8. At all pertinent times, Plaintiff was employed by Newmont, and was an active and full-time employee.

**ANSWER**: Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8. To the extent a response is required, Rocky Mountain denies the allegations in Paragraph 8.

9. As an active and full-time employee, Plaintiff was eligible to, and did, participate in Defendant Newmont's employee benefit plan (including health insurance benefits).

**ANSWER**: Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was an active and full-time employee. To the extent a response is required, Rocky Mountain denies that allegation. Rocky Mountain admits that Plaintiff was eligible to, and did, participate in the Newmont Plan's medical benefit plan. Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation concerning whether Plaintiff was eligible to, or did, participate in parts of the Newmont Plan for which Rocky Mountain did not provide claims administration services. To the extent a response is required, Rocky Mountain denies that allegation. Rocky Mountain denies that the Newmont Plan offered health insurance benefits, or that Plaintiff was eligible for such benefits, as the Newmont Plan is self-funded and not an insurance policy that provides "health insurance benefits." Rocky Mountain denies all remaining allegations in Paragraph 9.

10. The Plan provides medical benefits to its members and their beneficiaries, including coverage for inpatient rehabilitation services for mental health and/or substance abuse issues.

**ANSWER**: Admitted.

11. In or around August, 2019, Plaintiff was diagnosed with various, disorders related to substance abuse requiring extensive treatment and care.

**ANSWER**: Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11. To the extent a response is required, Rocky Mountain denies the allegations in Paragraph 11.

12. At all pertinent times, and beginning on August 5, 2019, Plaintiff was treated at The Recovery Village for inpatient care due to his conditions.

**ANSWER**: Admitted.

13. Plaintiffs timely requested approval and payment for said treatment from Defendant, and attempted to work with Defendant throughout 2019 and thereafter.

**ANSWER**: Rocky Mountain denies the allegations in Paragraph 13 to the extent they refer to "Plaintiffs," as there is only one Plaintiff. Rocky Mountain admits that Plaintiff and/or his provider made a timely request for approval and payment for Plaintiff's treatment at The Recovery Village from August 5, 2019, to August 23, 2019. Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation concerning "attempt[s] to work with Defendant," as they are too vague to permit a response. To the extent a response is required, Rocky Mountain denies those and all remaining allegations.

14. Defendant belatedly responded on or about October 31, 2021, stating that the care at The Recovery Village was medically necessary, and would be paid on receipt of proof that Plaintiff was enrolled in the Plan between August 5th and August 23, 2019.

**ANSWER**: Denied.

15. Despite these representations, Defendant thereafter denied Plaintiffs claim, and has maintained that denial since, alleging it is not a covered service.

**ANSWER**: Rocky Mountain admits that it denied Plaintiff's claim for treatment at The Recovery Village following its October 7, 2021, correspondence but denies that it has maintained that denial since. Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in Paragraph 15. To the extent a response is required, Rocky Mountain denies the remaining allegations in Paragraph 15.

16. Despite its prior correspondence, Defendant alleges *inter alia* that inpatient care was not medically necessary under the Plan.

**ANSWER**: Denied.

17. Thereafter, including on November 11, 2021, Plaintiff appealed through counsel, and submitted additional proof of medical necessity, and/or other information that the treatment is covered by the Plan.

**ANSWER**: Rocky Mountain admits that it received correspondence from Plaintiff's counsel purporting to appeal Rocky Mountain's determinations regarding the claims for Plaintiff's treatment at Recovery Village from August 5, 2019, to August 23, 2019. Rocky Mountain admits that the November 11, 2021 correspondence from Plaintiff's counsel submitted other information purporting that Plaintiff's treatment at The Recovery Village from August 5, 2019, to August 23, 2019 was covered by the Plan. Rocky Mountain denies that the November 11, 2021 correspondence constituted a valid appeal under the terms of the Newmont Plan. Rocky Mountain denies that the November 11, 2021 correspondence included additional proof of medical necessity.

18. Over the next year, Defendant refused to process Plaintiff's appeal requesting multiple and duplicate forms not required by the Plan (a designation of representative on a specific internal form).

**ANSWER**: In response to Paragraph 18, Rocky Mountain admits that it was unable to process the correspondence dated November 11, 2021, as an appeal without a complete and valid

designation of authorization form signed by Plaintiff that authorized Plaintiff's counsel to appeal on his behalf. Rocky Mountain denies the remaining allegations in Paragraph 18.

19.   On or about June 2, 2022, Plaintiff provided these additional documents for (at least) the second time.

**ANSWER**:  Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 concerning "additional documents", as they are too vague to permit a response. To the extent a response is required, Rocky Mountain denies the allegations in Paragraph 19.

20.   On or about June 22, 2022, Defendant requested the same forms again, and again refused to process Plaintiffs appeal.

**ANSWER**: Rocky Mountain admits that it sent correspondence to Plaintiff dated June 22, 2022 that requested Plaintiff complete and sign an enclosed Designation of Representative/Authorization Form. Rocky Mountain denies the allegation that it "refused" to process Plaintiff's appeal.

21.   As of this date, Defendant has not rendered a decision nor requested an extension of time to do so.

**ANSWER**:  Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 concerning rendering a decision or requesting an extension of time, as they are too vague to permit a response. To the extent a response is required, Rocky Mountain denies the allegations in Paragraph 21.

22.   Defendant's decision on the appeal is therefore overdue and deemed denied, and Plaintiff has exhausted all appeals required by the Plan.

**ANSWER**:  Denied.

23. At this time, Plaintiff's medical expenses, which were reasonable, necessary and covered by the Plan, have not been paid.

**ANSWER**:  Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding whether Plaintiff's medical expenses were reasonable and necessary or whether Plaintiff has paid the medical expenses at issue. To the extent a response is required, Rocky Mountain denies those allegations. Rocky Mountain denies that Plaintiff's medical expenses for The Recovery Village have not been covered or paid consistent with the terms of the Newmont Plan.

**CLAIM FOR RELIEF:
VIOLATION OF ERISA. WRONGFUL DENIAL OF BENEFITS
PLAINTIFF V. DEFENDANT**

24. At all pertinent times, Plaintiffs were covered by the Plan, which included coverage for medical benefits, as set forth above.

**ANSWER**:  Rocky Mountain admits that Plaintiff was covered by the Newmont Plan's medical benefits plan during the period from August 5, 2021, to August 23, 2021. Rocky Mountain denies the allegations in Paragraph 24 to the extent they refer to "Plaintiffs," as there is only one Plaintiff. Rocky Mountain lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24. To the extent a response is required, Rocky Mountain denies those allegations.

25. At all pertinent times, Newmont was the sponsor of the Plan, a claim fiduciary, and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA, and has delegated its decision-making responsibility to Defendant.

**ANSWER**:  Rocky Mountain admits that, at all pertinent times, Newmont was the sponsor of the Newmont Plan and an administrator of the Newmont Plan. Rocky Mountain also admits that Newton delegated some of its decision-making responsibility to Rocky Mountain, with respect to only the medical and dental benefit plans of the Newmont Plan. Rocky Mountain denies that ERISA uses or defines the terms "claim fiduciary" or "claim administrator," and thus denies that Newmont is a "claim fiduciary" or a "claim administrator" within the meaning of ERISA.

26. Defendant Anthem was otherwise delegated the authority to administer claims for disability benefits by the Plan, and/or is a claim administrator within the meaning of ERISA.

**ANSWER**:  Rocky Mountain denies that it was delegated authority to administer claims for disability benefits by the Newmont Plan, and further denies that ERISA uses or defines the term "claim administrator," and thus denies that it is a "claim administrator" within the meaning of ERISA.

27. At all pertinent times, Plaintiff met the criteria for health benefits under the plan including that Plaintiff required inpatient care, and provided reasonable documentation (medical and otherwise) of that fact.

**ANSWER**:  Admitted.

28. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiffs benefits due and owing under the Plan.

**ANSWER**:  Denied.

29. Defendant's wrongful conduct includes, but is not limited to:

   A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers and its own qualified consultant physician.

   B. Failing to provide an adequate review and appeal;

   C. Failing to act in Plaintiff's best interest;

   D. Failing to consider credible evidence of medical necessity;

   E. Failing to consider Plaintiff's prior medical history;

   F. Failing to reasonably interpret and apply the terms of the Plan;

   G. Failing to conduct a reasonable investigation;

   H. Relying on medical guidelines and/or other documents that were not properly disclosed to Plan members; and

   I. Failing to timely resolve Plaintiffs appeal and/or otherwise comply with ERISA.

**ANSWER**:  Denied.

  30. Defendant' wrongful conduct has caused injuries and damages to the Plaintiffs, including expenses for necessary and appropriate treatment.

**ANSWER**:  Denied.

## **DAMAGES**

  31. The Defendant' above-alleged wrongful conduct caused injuries and damages to the Plaintiffs, including but not limited to: Past and future economic damages, including but not limited to loss of health insurance benefits and related expenses.. Plaintiffs have also incurred attorney's fees and costs as a result of Defendant' conduct.

**ANSWER**:  Rocky Mountain denies the allegations in Paragraph 31. Rocky Mountain admits that Plaintiff seeks the relief requested in the Wherefore clause that follows Paragraph 31, including each of its subparts, but denies that Plaintiff is entitled to such relief or any relief.

**DEFENSES**

By listing a defense herein, Rocky Mountain is not representing that the defense is an affirmative defense or that Rocky Mountain bears the burden of proof. As separate and distinct defenses to Plaintiff's claims for relief, and each of them, in the Complaint, Rocky Mountain alleges as follows:

1. The Complaint fails to state a claim upon which relief can be granted and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever, from Rocky Mountain.

2. Plaintiff has not suffered any loss, damage, or injury as a proximate result of the conduct alleged in the Complaint.

3. The loss, damage or injury alleged in the Complaint was the proximate result of conduct by a non-party, The Recovery Village, including providing Plaintiff with inaccurate information regarding Plaintiff's status of coverage and requesting that Plaintiff enter into a self-pay contract for Plaintiff's treatment at The Recovery Village.

4. Plaintiff's claim is barred to the extent that Plaintiff has failed to fulfill, perform, and satisfy express or implied contractual conditions precedent, concurrent or subsequent to any pertinent contract, if any, and such material breach of said contract(s) bars recovery in this action.

5. Plaintiff's claim is barred to the extent Plaintiff failed to exhaust administrative remedies, including completing two levels of appeals, and/or contractual prerequisites to filing

suit, as required by the Newmont Plan and by applicable law, including but not limited to those required by ERISA.

6. The Complaint is barred in whole or in part due to Plaintiff's lack of damages and/or failure to mitigate damages, if any, including by executing a self-pay contract with The Recovery Village and/or failing to timely provide documents requested by Rocky Mountain in response to correspondence seeking to appeal on Plaintiff's behalf.

7. The Complaint is barred in whole or in part because Rocky Mountain's alleged obligations, if any, have been fulfilled and discharged.

8. Rocky Mountain asserts and alleges that it had, and continues to have, a reasonable and good faith basis for its handling of Plaintiff's claim and request for appeal.

9. Denials of Plaintiff's claim for benefits for Plaintiff's treatment at The Recovery Village and correspondence submitted on behalf of Plaintiff seeking to appeal were in accordance with the terms of the Newmont Plan and governing Newmont Plan documents.

10. Rocky Mountain reserves the right to subsequently assert and add defenses to the Complaint, and any part and/or whole thereof, as they become known to Rocky Mountain.

WHEREFORE, having fully answered, Defendant Rocky Mountain Hospital and Medical Service, Inc. dba Anthem Blue Cross and Blue Shield respectfully requests entry of judgment:

   a. against Plaintiff and in favor of Rocky Mountain Hospital and Medical Service, Inc.;

   b. dismissing with prejudice all claims against Rocky Mountain Hospital and Medical Service, Inc.;

    c. awarding Rocky Mountain Hospital and Medical Service, Inc. the costs of defending this action, including its attorneys' fees, costs, and disbursements; and

    d. granting such other and further relief as the Court may deem just and proper.

Dated: November 16, 2022

Respectfully Submitted,

<u>*/s/* Thomas R. Hardy</u>
Dan J. Hofmeister
Thomas R. Hardy
Karen E. Vaysman
REED SMITH LLP
10 S. Wacker Drive, 40th Floor
Chicago, Illinois 60606
Tel.: 312-207-1000
Fax: 312-207-6400
dhofmeister@reedsmith.com
thardy@reedsmith.com
kvaysman@reedsmith.com

*Attorneys for Rocky Mountain Hospital and Medical Service, Inc. dba Anthem Blue Cross and Blue Shield*